MAY 15 2026 AM 11:19
FILED - USDC - FLMD - TPA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

EUGENE DOWNING SR.,                )
                                   )
                     Plaintiff,    )   Case No. 8:26-CV-1462-SDM-TGW
                                   )
            vs.                    )
WASTE MANAGEMENT,                  )
INC., WASTE                        )
MANAGEMENT, INC. OF                )
FLORIDA, and ADVANCED              )
DISPOSAL SERVICES SOLID            )
WASTE SOUTHEAST, INC.,             )

                     Defendant(s).

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **EUGENE DOWNING SR.**, by and through the undersigned, hereby sues Defendants, **WASTE MANAGEMENT, INC., WASTE MANAGEMENT, INC. OF FLORIDA**, and **ADVANCED DISPOSAL SERVICES SOLID WASTE SOUTHEAST, INC.** (collectively, "Defendants"), and alleges as follows:

### I. NATURE OF THE ACTION

1. This is an action for damages and other legal and equitable relief brought by Plaintiff Eugene Downing Sr. to redress violations of his civil rights as

protected by the **Age Discrimination in Employment Act of 1967** (ADEA), as amended, 29 U.S.C. §§ 621, et seq..

2. Plaintiff, a dedicated long-term employee, was subjected to a discriminatory work environment and ultimately forced from his position due to his age.

3. This action further seeks to address the willful nature of the Defendants' conduct, which disregarded Plaintiff's federally protected rights and resulted in significant professional and personal loss.

## II. JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over this action pursuant to **28 U.S.C. § 1331**, as it arises under the laws of the United States, specifically the ADEA.

5. This Court also has jurisdiction under **29 U.S.C. § 626(c)**, which provides for legal and equitable relief to any person aggrieved under the ADEA.

6. Venue is proper in the Middle District of Florida, Tampa Division, pursuant to **28 U.S.C. § 1391(b)**, as the unlawful employment practices alleged herein occurred within this judicial district, and the Defendants maintain substantial business operations within this district.

7. Plaintiff Eugene Downing Sr. resides in Dundee, Florida, which is located within the jurisdiction of this Court.

### III. PARTIES

8. Plaintiff **Eugene Downing Sr.** was born on **March 16, 1956**, and is currently 70 years of age. At all times relevant to this action, Plaintiff was an "employee" as defined by the ADEA and was over the age of 40, thus placing him within the protected class.

9. Defendant **Waste Management, Inc.** is a foreign corporation with its principal place of business located at 800 Capitol Street, Suite 3000, Houston, TX 77002. At all relevant times, it acted as an "employer" as defined by the ADEA.

10. Defendant **Waste Management, Inc. of Florida** is a Florida corporation with a registered office for service located at 1200 South Pine Island Road, Plantation, FL 33324. At all relevant times, it acted as an "employer" as defined by the ADEA.

11. Defendant **Advanced Disposal Services Solid Waste Southeast, Inc.** is a business entity with its principal place of business located at **800 Capitol Street, Suite 3000, Houston, Harris County, Texas 77002**. This entity was

acquired by or became affiliated with the Waste Management entities and served as Plaintiff's direct employer of record.

12. At all relevant times, Defendants acted as a single, joint, or integrated employer of Plaintiff, as they exercised common control over labor relations, shared management, and maintained centralized control over the terms and conditions of Plaintiff's employment.

## IV. ADMINISTRATIVE EXHAUSTION AND PROCEDURAL HISTORY

13. Plaintiff has fulfilled all conditions precedent to filing this action.

14. On or about **November 15, 2024**, Plaintiff timely filed a charge of discrimination with the **Equal Employment Opportunity Commission (EEOC)**, designated as **Charge No. 511-2025-00618**.

15. On **July 15, 2025**, the EEOC issued a **Determination and Notice of Rights** ("Right to Sue" letter).

16. The Notice of Right to Sue informed Plaintiff that a lawsuit under federal law must be filed within 90 days of receipt.

17. Plaintiff's prior counsel calculated the 90-day filing deadline from the EEOC portal upload date of July 15, 2025, setting the deadline as **October 13, 2025**.

18. Plaintiff timely filed his original federal action against the Defendants on **October 22, 2025**, in the United States District Court for the Middle District of Florida, assigned **Case No. 8:25-cv-02705-KKM-AAS**.

19. On **February 19, 2026**, the Court entered an order dismissing Plaintiff's second amended complaint **without prejudice**, striking the third amended complaint as improperly filed, and granting Plaintiff two weeks to file an amended complaint.

20. Due to a misunderstanding regarding the court-mandated timeline—which Plaintiff's counsel characterized as a "profound misunderstanding regarding the status of a timeline extension"—Plaintiff failed to meet the two-week deadline.

21. Following the dismissal for failure to comply with the deadline, Plaintiff filed a **Motion for Relief from Judgment** under Federal Rule of Civil Procedure 60(b).

22. On **April 20, 2026**, the Court denied the Motion for Relief from Judgment, finding that the delay was within Plaintiff's control and did not constitute "excusable neglect".

23. Crucially, the underlying dismissal of the case was **without prejudice**, meaning the Court did not reach a final ruling on the merits of Plaintiff's age discrimination claims.

24. Because the original action was initiated within the 90-day window following the EEOC Right to Sue notice, and because the dismissal was without prejudice, Plaintiff proactively asserts that this refiling is a continuation of his pursuit of justice for the same underlying facts.

25. Plaintiff contends that the interests of justice and the remedial purposes of the ADEA favor a resolution on the merits rather than on procedural technicalities.

## V. FACTUAL ALLEGATIONS

26. Plaintiff Eugene Downing Sr. was a long-term, high-performing employee within the waste management industry, specifically serving the entities now controlled by Defendants.

27. Throughout his tenure, Plaintiff demonstrated a commitment to safety, efficiency, and reliability in his service duties.

28. However, as Plaintiff aged, he began to experience a marked shift in the treatment he received from management.

29. Defendants, through their supervisors and managers, began to create a work environment that was increasingly hostile toward older employees.

30. Management engaged in practices designed to scrutinize Plaintiff's work more harshly than that of younger, similarly situated employees.

31. Specifically, Plaintiff encountered persistent issues regarding service assignments and route distributions that appeared intended to make his job duties more difficult or to set him up for failure.

32. Younger employees with similar performance records were not subjected to the same level of micromanagement or unreasonable expectations.

33. Plaintiff's age was frequently the subject of subtle and overt remarks, and management's lack of support for Plaintiff was in stark contrast to the assistance and professional development opportunities provided to younger staff.

34. The hostility from management was not an isolated incident but a systemic attempt to pressure Plaintiff into "voluntary" separation or to create a pretext for termination.

35. The discriminatory practices culminated in the termination of Plaintiff's employment, which was a direct result of age-based bias rather than any legitimate business or performance concern.

36. At the time of the adverse actions, Plaintiff was meeting all legitimate job expectations, and his position was either filled by a younger individual or his duties were redistributed to younger employees.

37. As a result of Defendants' discriminatory conduct, Plaintiff has suffered extreme emotional distress, mental anguish, and a loss of professional dignity.

38. Furthermore, Plaintiff has suffered significant economic loss, including the loss of back pay, future earning capacity (front pay), and retirement benefits.

## VI. COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

40. At all relevant times, Plaintiff was a member of the protected class under the ADEA, being at least 40 years of age.

41. Plaintiff was qualified for the position he held and was performing his duties at a level that met the Defendants' legitimate expectations.

42. Defendants subjected Plaintiff to adverse employment actions, including a hostile work environment, disparate treatment in job assignments, and the termination of his employment.

43. Younger, similarly situated employees outside of Plaintiff's protected class were treated more favorably by Defendants.

44. But for Plaintiff's age, Defendants would not have taken the adverse employment actions described herein.

45. Defendants' violations of the ADEA were willful, as they knew or showed reckless indifference to whether their conduct was prohibited by federal law.

46. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer economic and non-economic damages.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Eugene Downing Sr. respectfully requests that this Court enter judgment in his favor and against Defendants Waste Management, Inc., Waste Management, Inc. of Florida, and Advanced Disposal Services Solid Waste Southeast, Inc., and award the following relief:

A. A declaratory judgment that the practices complained of herein are unlawful and in violation of the ADEA;

B. An award of **back pay**, including all lost wages, bonuses, and the value of all fringe benefits Plaintiff would have received but for the discrimination;

C. An award of **front pay** to compensate Plaintiff for the loss of future earnings and benefits;

D. An award of **liquidated damages** in an amount equal to the back pay award, as the Defendants' violations were willful;

E. An award of reasonable **attorney's fees** and costs incurred in the prosecution of this action;

F. Pre-judgment and post-judgment interest on all awards; and G. Any other legal or equitable relief the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff Eugene Downing Sr. hereby demands a trial by jury on all issues so triable.

Dated: 05-15-2026

Respectfully submitted,

By: *Eugene Downing Sr*

**Eugene Downing, Sr.**
**704 Roby Court**
**Dundee, FL 33838**

(863) 242-9878
Eedowning@gmail.com